UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 09-60403-CIV-MARTINEZ-BROWN**

ALFRED L. MADEIRA,
    Plaintiff,

vs.

SEAN HEALY and SHALESE HEALY,
    Defendants.
_____/

RANDALL WAGNER and JOHN JARBOE
    Intervening Plaintiffs,

v.

SEAN HEALY and SHALESE HEALY,
    Defendants.
_____/

DAVID E. RICKER
    Intervening Plaintiff,

v.

SEAN HEALY AND SHALESE HEALY,
    Defendants.
_____/

## ORDER GRANTING THE RECEIVER'S SECOND RENEWED MOTION FOR TURNOVER OF ASSETS SUBJECT TO THE COURT'S APRIL 27, 2009 STIPULATED STATUS QUO ORDER

THIS CAUSE came before the Court upon the Receiver's Second Renewed Motion for Turnover of Assets Subject to the Court's April 27, 2009 Stipulated Status Quo Order (D.E. No. 130). The Court notes that no responses have been filed to this motion and the time to respond has long since passed. Thus, after careful consideration and in accordance with S.D. Local Rule

7.1(C),[1] it is hereby:

**ORDERED AND ADJUDGED** that

1. The Receiver's Second Renewed Motion for Turnover of Assets Subject to the Court's April 27, 2009 Stipulated Status Quo Order (D.E. No. 130) is **GRANTED**.

2. Alan S. Ross, Esq. of the firm Robbins, Tunkey, Ross, Amsel, Raben & Waxman, P.A. 2250 S.W. Third Avenue, Fourth Floor, Miami, Florida 33129 shall immediately turn over possession of a) the $175,000 of Healy funds in his firm's trust account to "Receiver's Account, Estate of Sean Nathan Healy;" and b) all Healy automobile titles in Mr. Ross's possession, custody, or control.

DONE AND ORDERED in Chambers at Miami, Florida, this 23 day of October, 2009.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record
Sean and Shalese Healy
2672 Riviera Manor
Weston, FL 33332

---

[1] Rule 7.1(C) states that "[e]ach party opposing a motion shall serve an opposing memorandum of law no later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure. Failure to do so may be deemed sufficient cause for granting the motion by default."