UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  09-60403-CIV-MARTINEZ-BROWN**

ALFRED L. MADEIRA,

    Plaintiff,

vs.

SEAN HEALY and SHALESE HEALY,

    Defendants.
_____/

RANDALL WAGNER and JOHN JARBOE

    Intervening Plaintiffs,

v.

SEAN HEALY and SHALESE HEALY,

    Defendants.
_____/

DAVID E. RICKER

    Intervening Plaintiff,

v.

SEAN HEALY AND SHALESE HEALY,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION TO STAY**

    THIS CAUSE came before the Court upon Defendants' Motion for Stay (D.E. No. 108).[1]

---

[1] This motion was inappropriately filed by Defendants on the CM/ECF system and never showed up as a pending motion.  Defendants simply docketed the motion as a response to

Defendants ask this Court to stay this action because they argue that they are "targets of a federal criminal investigation" and specifically that it would violate their Fifth Amendment rights to have to respond to Plaintiff Madeira's pending motion for partial summary judgment. *See* (D.E. No. 108 at 1-2). However, in a separate order, Madeira's pending motion for partial summary judgment has been denied as moot and default judgments have been entered against Defendants based upon their failure to comply with the Court's orders.

Specifically, on August 27, 2009, this Court entered its Order Granting Withdrawal of Counsel and Requiring Defendants to File Notice (D.E. No. 117). In this Order, the Court allowed Defendants' counsel to withdraw and required Defendants to retain new counsel and have new counsel file a Notice of Appearance or to file a Notice of Intent to Proceed Pro Se on or before September 14, 2009. Defendants failed to comply with this Order and no Notice of Appearance or Notice of Intent to Proceed Pro Se has ever been filed. Compliance with this order does not and would not in any way have violated Defendants' Fifth Amendment rights.

Alternatively, in considering the merits of Defendants' motion to stay, Defendants' motion is vague and conclusory and does not provide the requisite detail needed to justify such extraordinary relief. *See United States v. Lot 5,* 23 F. 3d 359, 364 (11th Cir. 1994) (stating that "a blanket assertion of the privilege [against self-incrimination] is an inadequate basis for the issuance of a stay."). Moreover, at this time, there is no indication in the record that Defendants have actually been indicted. Therefore, it is hereby:

---

Plaintiff Madeira's motion for summary judgment. The full title of the document in which Defendants' Motion for Stay appears is "Defendants' Omnibus Response to Madeira's Motion for Summary Judgment and Defendants' Motion for Stay and Memorandum of Law." At this time, there are pending motions for default against Defendant from all of the plaintiffs in this action.

**ORDERED AND ADJUDGED** that

Defendants' Motion for Stay (D.E. No. 108) is **DENIED.**

DONE AND ORDERED in Chambers at Miami, Florida, this 30 day of November, 2009.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record
Sean and Shalese Healy
2672 Riviera Manor
Weston, FL 33332